UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 5:22-cr-00192

GREGORY KINCAID

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Gregory Kincaid's Motion [ECF 65], brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce his sentence based on a subsequent reduction in the applicable sentencing guideline.

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the Guidelines Manual became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of

imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later. By previous Order entered on November 27, 2023, this case was designated for Expedited consideration pursuant to this Court's standing Order Adopting Procedures for Petitions Seeking Retroactive Application of the 2023 Criminal History Amendments.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, and addendum to the PSR from the Probation Office, and received any materials submitted by the parties on the issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety. By its written and filed response [ECF 68], the United States does not object to the reduction ordered herein.

On May 31, 2023, the Court convened for sentencing. Mr. Kincaid received 11 criminal history points for his prior convictions, in addition to 2 status points inasmuch as he committed the offense while serving a criminal justice sentence. A total of 13 criminal history points placed Mr. Kincaid in Criminal History Category VI. Based on a Total Offense Level of 13 and a Criminal History Category of VI, Mr. Kincaid was subject to a guideline imprisonment range of 33 to 41 months. After consideration of the applicable § 3553(a) factors, the Court sentenced Mr. Kincaid at the bottom of his then applicable guideline range to 33 months imprisonment.

As to the nature and circumstances of the offense, Mr. Kincaid was charged and pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) after law enforcement seized, *inter alia*, a loaded firearm from Mr. Kincaid during the execution of a search warrant of another individual's residence. In a voluntary statement to law enforcement following his arrest, Mr. Kincaid admitted to stealing the firearm from his father the

previous night and abusing controlled substances earlier that day. He purportedly intended to trade the firearm for cash or controlled substances. Mr. Kincaid further admitted that as a convicted felon, he knew he was prohibited from possessing a firearm.

Respecting Mr. Kincaid's history and characteristics, he is thirty-one years old and has an extensive history of substance abuse beginning at age sixteen and continuing up to his incarceration for the current offense. Mr. Kincaid likewise has a lengthy criminal history, including a conviction for domestic battery. Nevertheless, since being incarcerated with the Bureau of Prisons, Mr. Kincaid has had no disciplinary infractions and has enrolled in GED courses. Based upon consideration of the applicable § 3553(a) factors and Mr. Kincaid's rehabilitative record to date, the Court concludes Mr. Kincaid is entitled to a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

Indeed, given the retroactive application of Amendment 821, if sentenced today, Mr. Kincaid would receive a 1-point reduction in status points for a total of 12 criminal history points, placing him in a Criminal History Category of V. Based on a Total Offense Level of 13 and a Criminal History Category of V, Mr. Kincaid's newly calculated guideline range is 30 to 37 months. A guideline sentence at the bottom of this newly calculated range is sufficient but not greater than necessary to meet the goals of sentencing and will afford Mr. Kincaid the time necessary for rehabilitation and substance abuse treatment. The Court further concludes Mr. Kincaid will potentially benefit from halfway house placement at the necessary time to ease his transition back into the community and thus imposes the following, additional special condition of supervised release:

> That, to the extent feasible, the defendant be placed at a halfway house by either the BOP or Probation for a period of up to six months to assist him in transitioning to the community.

Based on the foregoing considerations, the Motion [**ECF 65**] is **GRANTED**. The Court **ORDERS** Mr. Kincaid's Criminal History Category be reduced from Category VI to Category V for a new advisory guideline range of 30 months to 37 months. It is further **ORDERED** that Mr. Kincaid's previous sentence be reduced to a period of 30 months, with credit for time served to date, effective February 1, 2024. This Order is subject to the prohibition contained within U.S.S.G. § 1B1.10(b)(2)(C). Except as otherwise provided, all provisions of the Judgment entered June 6, 2023, shall remain in effect. In the event the parties desire to be heard on any matter set forth herein, they may so move on or before January 3, 2023.

The Clerk is **DIRECTED** to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the Office of the United States Marshal.

ENTER: December 20, 2023

EFFECTIVE: February 1, 2024

*Frank W. Volk*
Frank W. Volk
United States District Judge